IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ESTATE OF TIMOTHY LEE, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>BUTLER COUNTY, MO., et al., )<br>)<br>Defendants, )<br>) | Case No. 1:16-CV-22 SNLJ |

## MEMORANDUM & ORDER

Plaintiffs are relatives of decedent Timothy Lee, who died when he committed suicide while detained in the Butler County Jail in Butler County, Missouri. Defendants are Butler County, Stoddard County, Butler County Correction Officers Wesley Owens, Patrick Kerperien, and Marcus Kirby; Stoddard County Sheriff Carl Hefner, Stoddard County Chief Deputy Tommy Horton, and Stoddard County Deputy Larry Vandeven; and bail bondsman Craig Meador. This matter is before the Court on defendant Craig Meador's motion to dismiss Count V of plaintiff's complaint (#11). Plaintiffs have filed a response in opposition, but no reply has been filed. The time for doing so has passed, and this matter is now ripe for disposition.

I.  Background

The following facts, which include only the facts necessary for resolution of the instant motion, are presumed true for the purposes of this motion to dismiss. On February 3, 2013 at 6:15 a.m., members of the Stoddard County Sheriff's Office were

called to a home in Dexter, Missouri to check on the wellbeing of Timothy Lee, who was reported to be intoxicated and threatening to kill himself and others. The defendant Sheriff Hefner and his deputies defendants Horton and Vandeven went to the home and found Timothy Lee intoxicated and holding a loaded shotgun. Timothy Lee told the defendant officers that he needed help and wanted help at a rehabilitation facility in Branson, Missouri. The defendant officers took Timothy Lee into custody for being a felon in possession of a firearm and based on an active warrant for his arrest out of Ballard County, Kentucky. Plaintiffs allege that the defendant officers knew Lee had a history of excessive drinking, driving while intoxicated, mental instability, and suicidal ideations. Defendants did not seek medical treatment for Lee, nor did they place Lee on suicide watch.

During transport to the Stoddard County Jail, the defendant officers learned from defendant bonding agent Craig Meador that Lee was out on bond for a driving-while-intoxicated charge in Butler County. Defendant Craig Meador was at all relevant times a duly licensed bail bondsman under the laws of the State of Missouri. Meador requested that the defendant officers transfer Lee to the Stoddard/Butler County line so that Meador could transport Lee to the Butler County Jail. Defendant Vandeven transported Lee to the county line, where defendant Meador took physical custody of Lee and transported him to the Butler County Jail. The defendant officers did not give Meador any documentation regarding the specifics of Lee's arrest that morning. They also did not apprise Meador that Lee was homicidal, suicidal, and needed immediate medical and mental health treatment. Meador likewise did not ask for any such information.

Meador surrendered Lee to the Butler County Jail officers at 8:30 a.m. that same morning. The defendant officers at the Butler County Jail did not inquire about Lee's mental status or place him on suicide watch. The Butler County defendant officers issued Lee an orange jumpsuit and allowed him to keep a thermal long sleeve shirt in his cell.

On February 10, 2013, Timothy Lee was found hanging from the shower rod in his cell using his thermal shirt as a ligature. Plaintiffs brought this lawsuit on behalf of themselves and Lee's Estate alleging five counts:

- Count I against Hefner, Horton, and Vandeven for violation of Timothy Lee's constitutional rights pursuant to 42 U.S.C. § 1983.
- Count II against Stoddard County for violation of Timothy Lee's constitutional rights pursuant to 42 U.S.C. § 1983.
- Count III against Kirby, Keperien, and Owens for violation of Timothy Lee's constitutional rights pursuant to 42 U.S.C. § 1983.
- Count IV against Butler County for violation of Timothy Lee's constitutional rights pursuant to 42 U.S.C. § 1983.
- Count V against Meador for violation of Timothy Lee's constitutional rights pursuant to 42 U.S.C. § 1983.
- Count VI against Hefner, Horton, and Vandeven for wrongful death pursuant to RSMo § 537.080.
- Count VII against Stoddard County for wrongful death pursuant to RSMo § 537.080.
- Count VIII against Kirby, Keperien, and Owens for wrongful death pursuant to RSMo § 537.080.

- Count IX against Butler County for wrongful death pursuant to RSMo § 537.080.
- Count X against Meador for wrongful death pursuant to RSMo § 537.080.

Defendant Craig Meador brought the pending motion to dismiss (#11) Count V of the complaint. Plaintiffs filed a response, but no reply in support of the motion has been filed, and the time for doing so has now passed.

## II.     Legal Standard

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

## III.     Discussion

Defendant Meador seeks dismissal of Count V, which alleges that Meador violated Timothy Lee's constitutional rights in violation of 42 U.S.C. § 1983 when Meador took

custody of Lee and transported Lee to the custody of Butler County without advising Butler County of Lee's mental health issues. To state a valid cause of action under § 1983, plaintiffs must show, among other things, that defendant Meador was acting under color of state law. 42 U.S.C. § 1983. "As a general matter, bondsmen are private citizens who interact with the state in the course of pursuing their private interests. Their conduct is therefore not attributable to the state." *Dean v. Olibas*, 129 F.3d 1001, 1006 n.4 (8th Cir. 1997). However, a private actor may be liable under § 1983 if he is a "willing participant[] in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999); *see also Dossett v. First State Bank*, 399 F.3d 940, 950 (8th Cir. 2005). "The plaintiffs must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Johnson*, 172 F.3d at 536. The United States Court of Appeals for the Fifth Circuit observed that "[t]he majority of federal courts that have addressed the state action issue in the context of bail bondsmen have based their decisions on whether the bondsmen enlisted the assistance of law enforcement officers in arresting their principals." *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 204 (5th Cir. 1996) (collecting cases).

Plaintiffs' allegations here describe an unusual set of circumstances in which an individual was arrested by authorities from one county and then transferred to the jail of another county by a bail bondsman. It appears from the allegations that defendant Meador worked in concert with the Stoddard County defendants in order to transfer Lee to the custody of the Butler County defendants. These facts are distinguishable from the

5

facts of cases in which bail bondsmen were found to be acting solely for private interests. *See, e.g.*, *Murillo v. Liz & Stan Bail Bonds, Inc.*, 138 F. App'x 868, 869, 2005 WL 1620509, at *1 (8th Cir. July 8, 2005) (involving allegations of misuse and misplacement of bond money by bondsman); *Ashlock v. Nickolich*, No. CIV. 11-6072, 2011 WL 6042849, at *1 (W.D. Ark. Nov. 15, 2011), *report and recommendation adopted,* No. 11-6072, 2011 WL 6042854 (W.D. Ark. Dec. 5, 2011) (involving allegations of wrongful taking of property used to secure bond); *Landry*, 75 F.3d at 204-05 (involving bondsman who performed citizen's arrest of fugitive without a warrant and without help of police). In *Dean*, the Eighth Circuit observed, for example, that performing an arrest is a "traditional government function" but that providing "the state [with] information that led to" the arrest was a "traditional action of private citizens." 129 F.3d at 1006. The Court noted that its conclusion was "supported by other cases in which bail bondsmen have caused a fugitive's arrest." *Id.* (citing *Landry*, 75 F.3d at 204-05).

Here, there is no doubt that defendant is alleged to have done more than merely provide information to police in support of an arrest. Rather, defendant Meador is alleged to have worked in concert with the county officials: first, he worked with the county officials who already had custody of Lee; then, he arranged to meet the Stoddard County defendants to gain custody of Lee himself, and, apparently, hold Lee on behalf of Stoddard County because Lee was still facing charges in Stoddard County; finally, he transferred Lee to the custody of Butler County. Regardless of defendant Meador's personal interest in rescinding his bond agreement, defendant Meador is alleged to have knowingly taken on the role of transporting a prisoner/arrestee in custody from one county to another. Meador undoubtedly "enlist[ed] the aid of the police" in taking

custody of Lee, and his transport of Lee under these circumstances may be considered a traditionally governmental function.  *See Dean*, 129 F.3d at 1006.

Finally, defendant Meador argues that plaintiffs must allege a conspiracy between Meador and the Stoddard County defendants to establish that Meador was a state actor, but the Court questions whether that is required here, where all the other attributes of a state actor are present.  In any event, viewing the allegations as true and in the light most favorable to plaintiffs, allegations of a conspiracy or "meeting of the minds" have been made.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Craig Meador's Motion to Dismiss (#11) is **DENIED**.

Dated this   9th   day of June, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE